**U.S. CARE, INC., a Corporation, Plaintiff–Appellant,**

v.

**PIONEER LIFE INSURANCE COMPANY OF ILLINOIS, an Illinois Corporation; Conseco Services, LLC, an Indiana Corporation, Defendants–Appellees.**

No. 01–57100.

D.C. No. CV–99–05480–CRM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Dec. 23, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

U.S. Care, Inc. ("U.S.Care"), a California corporation, appeals the district court's order confirming an arbitration award in favor of Pioneer Life Insurance Company of Illinois ("Pioneer"), an Illinois corporation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Review of a district court's denial of a motion to vacate an arbitration award is *de*

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

novo. *Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 427 (9th Cir.1996). An arbitration award will not be set aside under § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), unless it evidences a "manifest disregard of the law." *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995). *See also "Steelworkers Trilogy": United Steelworkers v. Am. Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enter. Wheel & Car Co.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). This is a stringent standard of review that requires confirmation "even in the face of 'erroneous ... misinterpretation of law.'" *Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1060 (9th Cir.1991) (citing *French v. Merrill Lynch,* 784 F.2d 902, 906 (9th Cir.1986)).

U.S. Care contends that the arbitrators had to be "truly irrational" not to find a breach of Pioneer's obligation to give notice of changes to underwriting of U.S. Care's "Total Living Care" product. But "an award ... within the terms of the submission, will not be set aside by a court for error either in law or fact." *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.,* 293 F.2d 796, 800 (9th Cir.1961). U.S. Care essentially reargues the evidence in arbitration but it has not demonstrated that the arbitration award constituted a manifest disregard of the law.

U.S. Care's contention that two of the arbitrators evidenced partiality is without merit. U.S. Care has not established specific facts indicating improper motives on the part of the arbitrators which would

affect the award's integrity. *Woods,* 78 F.3d at 427.

Finally, we reject U.S. Care's contention that the arbitrators failed to order or consider relevant evidence. It is true that the FAA permits a court to vacate an award where arbitrators refuse to "hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). But U.S. Care has failed to show what, if any, evidence was contained in third party documents that were not produced at the hearing and, thus, there is no basis for an argument that the arbitrators refused to hear pertinent and material evidence.

AFFIRMED.